UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE USA, INC. | Plaintiff |
| v. | Civil Action No. 3:26-cv-109-RGJ |
| BULLDOG DIVING, INC., et al. | Defendants |

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendants Louisville Gas and Electric Company ("LG&E") and Bulldog Diving, Inc. ("Bulldog") move to amend their respective answers and counterclaims to Plaintiff Mitsui Sumitomo Insurance USA, Inc.'s ("Mitsui") amended complaint. [DE 80; DE 81]. Mitsui has not responded, and the time to do so has passed. The matter is ripe. For the reasons below, the Court **GRANTS** LG&E's motion to amend [DE 80] and **GRANTS** Bulldog's motion to amend [DE 81].

## I.      BACKGROUND

This case arises out of a 2021 incident in which a Bulldog employee, Jaxxyn Wood ("Wood") was killed while performing commercial diving work at LG&E's Mill Creek Generating Station. [DE 17 at 161]. The incident prompted Wood's estate to file a wrongful death lawsuit (the "Wood lawsuit") against LG&E in Jefferson Circuit Court, [DE 17 at 161–62], and led the Kentucky Labor Cabinet Office of Occupational Safety and Health ("KOSHA") to initiate proceedings against both LG&E and Bulldog for safety violations. [DE 56 at 65–66, 69].

After the Wood lawsuit settled, LG&E filed an action against Bulldog and Mitsui in this Court ("LG&E lawsuit") alleging that: (1) pursuant to a contract between LG&E and Bulldog,

1

Bulldog is obligated to indemnify LG&E for costs and expenses incurred in connection with both the Wood lawsuit and the KOSHA proceeding; (2) Bulldog breached its contractual obligations by failing to name LG&E as an additional insured on a marine commercial liability insurance policy issued by Mitsui (the "Mitsui Policy"); and (3) Mitsui wrongfully denied coverage to LG&E under the Mitsui Policy. *See Louisville Gas and Electric Co. v. Bulldog Diving, Inc., et al.*, No. 3:25-cv-105-RGJ.

In parallel, Mitsui filed an action in the Southern District of New York, seeking a declaratory judgment that: (1) it has no duty to indemnify and defend Bulldog in the LG&E lawsuit; (2) the Mitsui Policy does not provide coverage for claims against Bulldog in the LG&E lawsuit; and (3) LG&E does not qualify as an "additional insured" under the Mitsui Policy. [DE 17 at 171]. The action was transferred to this Court on February 17, 2026. [DE 43]. Shortly thereafter, both LG&E and Bulldog filed answers and counterclaims against Mitsui. [DE 54; DE 56].

On May 1, 2026, the Court issued a scheduling order setting a deadline of May 4, 2026 to file motions to amend pleadings or join additional parties. [DE 79 at 156]. On May 4, Bulldog and LG&E each moved to amend their answers and counterclaims. Both seek to add a counterclaim against New York Marine and General Insurance Company ("NY Marine"), Bulldog's excess liability insurance carrier. [DE 80 at 166; DE 81 at 203]. Bulldog's policy with NY Marine (the "Excess Policy") provides coverage on essentially the same terms as the underlying Mitsui Policy. [DE 80 at 166; DE 81 at 203]. In its amended counterclaim, LG&E adds Count 2 against NY Marine, seeking a declaratory judgment that LG&E is covered as an additional insured under the Excess Policy with respect to the Wood lawsuit. [DE 80-1 at 195]. Bulldog's amended counterclaim adds Count 3 against NY Marine, also seeking a declaratory judgment that NY

Marine is obligated to provide coverage to Bulldog in excess of the Mitsui Policy's limit for LG&E's indemnity claim. [DE 81-1 at 212].

## II.   STANDARD

When, as here, more than 21 days have passed since service of a pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(2)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* Leave to amend "should normally be granted unless there is some 'apparent or declared reason' to not allow the amendment." *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). That is, the Court should grant leave to amend unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182. "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)).

### III.    DISCUSSION

Both LG&E and Bulldog move to amend their counterclaims to join NY Marine as a defendant. [DE 80; DE 81]. LG&E argues that leave to amend is proper under Rule 15(a) because litigation is in its early stages, this is LG&E's first request to amend its pleading, and the amendment would not prejudice Mitsui because it does not alter the existing counterclaim against Mitsui. [DE 80 at 167]. LG&E also argues that NY Marine would be properly joined under Fed. R. Civ. P. 20(a)(2)'s permissive joinder rules because LG&E seeks relief severally as to Mitsui and NY Marine and the claims against both involve the same facts and legal issues. [*Id.* at 168]. Bulldog argues that NY Marine is a required party under Rule 19 and that the counterclaim is proper under Rule 13 because NY Marine's "coverage obligations arise from the same transaction or occurrence as is the subject of Mitsui's claims[.]" [DE 81 at 203–04]. Both motions are unopposed.

The Court finds nothing to suggest "undue delay in filing, bad faith or dilatory motive" on the part of LG&E or Bulldog. *Foman*, 371 U.S. at 182. Both parties moved to amend their answers only about two months after filing their original answers. Moreover, they complied with the deadline to amend established in the May 1 scheduling order, [DE 79], promptly moving to amend only three days after the deadline was set. This is both parties' first attempt to amend their counterclaims, so they have not repeatedly failed to cure deficiencies. There is no obvious prejudice to Mitsui, given that this case is in its early stages and discovery does not close until November 2, 2026. [*Id.* at 157].

Finally, there is nothing to suggest that allowing the parties to amend their counterclaims to assert claims against NY Marine would be futile. "The party (or parties) opposing the motion to amend a pleading bears the burden of establishing that the proposed amendment would be futile."

4

*Runser v. City of Dayton*, No. 3:21-CV-160, 2021 WL 5630735, at *2 (S.D. Ohio Dec. 1, 2021) (citing *White v. Emergency Medicing Billing & Coding Co.*, No. 11-14207, 2013 WL 4551919, at *4 (E.D. Mich. Aug. 28, 2013)); *see also Bergner v. Derr*, No. 3:19-CV-593-RGJ, 2020 WL 4736470, at *4 (W.D. Ky. Aug. 14, 2020) (noting that defendant failed to argue that a specific claim was futile and declining "to [make the argument] for her"). With no opposition from Mitsui, futility of amendment has not been established. Accordingly, the Court finds that amendment is proper and grants both LG&E's and Bulldog's motions to amend their counterclaims.

## IV.    CONCLUSION

For the reasons above, the Court **GRANTS** LG&E's motion to amend [DE 80] and **GRANTS** Bulldog's motion to amend [DE 81].

Rebecca Grady Jennings, District Judge
United States District Court

June 2, 2026

5